**FILED**

**January 12, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.C.-1 and R.C.**

**No. 21-0541** (Randolph County 20-JA-114 and 20-JA-115)

**MEMORANDUM DECISION**

Petitioner Father J.C.-2, by counsel Morris C. Davis, appeals the Circuit Court of Randolph County's June 8, 2021, order terminating his parental rights to J.C.-1 and R.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittany Ryers-Hindbaugh, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Gregory R. Tingler, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights rather than imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2020, the DHHR filed a child abuse and neglect petition alleging that petitioner and his girlfriend engaged in domestic violence in the presence of the children. The DHHR alleged that petitioner and his two children, then twelve-year-old J.C.-1 and five-year-old R.C., lived with his girlfriend and her two children, then eleven-year-old M.W. and thirteen-

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, as one of the children and petitioner share the same initials, we refer to them as J.C.-1 and J.C.-2, respectively, throughout the memorandum decision.

1

year-old L.W.[2] The DHHR alleged that L.W. stated petitioner had physically assaulted her, including dragging her by the hair and placing her in a "chokehold." M.W. stated that he and petitioner fought, and petitioner struck him in the chest. The DHHR alleged that its worker observed bruising on M.W., which M.W. attributed to the fight with petitioner. The DHHR alleged that petitioner had six prior domestic violence protective orders filed against him, two of which were filed by his current girlfriend. Finally, the DHHR alleged that petitioner submitted to a drug screen and tested positive for methamphetamine.

Later in October of 2020, petitioner waived his right to a preliminary hearing. The children were placed in the care of their biological mother, who was considered a nonabusing parent by the DHHR. The circuit court ordered petitioner to participate in supervised visitation with the children on the condition that he participate in random drug screening and tested negative for controlled substances.

The circuit court convened for an adjudicatory hearing in November of 2020, and petitioner stipulated that the children witnessed "at least two occasions" of domestic violence. The circuit court adjudicated petitioner as an abusing parent and adjudicated the children as abused and neglected children. Thereafter, petitioner moved for a post-adjudicatory improvement period. Then, in March of 2021, the DHHR filed a motion to terminate petitioner's parental rights.

In April of 2021, the circuit court held a hearing upon petitioner's motion for a post-adjudicatory improvement period. The circuit court heard testimony that petitioner was "sporadically checking-in" with the random drug screening program and had missed fifty-four appointments to drug screen since the inception of the case. The evidence also showed that petitioner failed to consistently visit with the children because, in part, he did not like the visitation supervisor assigned to his case. Despite petitioner's testimony that he reached out to the DHHR to request a different supervisor, petitioner's DHHR caseworker testified that she had no contact with petitioner from October of 2020 through February of 2021. The court found that petitioner denied that he was a perpetrator of domestic violence, having alleged that his girlfriend was the sole aggressor. The court also found that petitioner denied that he had a substance abuse problem. Petitioner was subject to drug screening as a condition of his criminal bond, and the community corrections officer testified that petitioner had tested positive for methamphetamine six times since October of 2020.[3] Petitioner's most recent drug screen result from earlier in April of 2021 indicated that he was positive for methamphetamine and amphetamine.

Ultimately, the circuit court denied petitioner's motion for a post-adjudicatory improvement period. It found that while petitioner testified that he would participate in an

---

[2]Petitioner asserted no custodial or parental rights to M.W. or L.W., and these children are not at issue in this appeal.

[3]According to the record, petitioner's pending criminal charges were misdemeanor charges of possession of a controlled substance and various traffic citations.

improvement period, "he ha[d] failed to do that for the last six months." The court further found that petitioner displayed a "lack of acceptance of responsibility" for the conditions of abuse and neglect, which made the improvement period an exercise in futility. The circuit court held the DHHR's motion to terminate petitioner's parental rights in abeyance, finding that it was necessary for the guardian to determine J.C.-1's wishes prior to proceeding to disposition.

The circuit court held the final dispositional hearing in May of 2021. The DHHR moved the court to take judicial notice of all prior testimony. The guardian proffered that J.C.-1 did not want to see petitioner or visit with him and that the child had anxiety about the situation. Petitioner presented no evidence. The circuit court ultimately terminated petitioner's parental rights, finding that termination of petitioner's parental rights was in the children's best interests. Petitioner now appeals the circuit court's June 8, 2021, order, terminating his parental rights to the children.[4]

The Court has previously held:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights rather than imposing a less-restrictive dispositional alternative. He emphasizes the guardian's proffer, interpreting J.C.-1's wishes as not precluding potential future contact with petitioner. According to petitioner, the least restrictive dispositional alternative was leaving his parental rights intact and granting the children's mother a legal guardianship because J.C.-1 may have wanted contact with petitioner in the future. We find petitioner is entitled to no relief on appeal.

The record below supports a finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect and abuse in the near future, and,

---

[4]The children's mother was a nonabusing party below. The children have achieved permanency in her care.

therefore, the circuit court was justified in imposing the most restrictive dispositional alternative. Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(d) provides that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected" means that "the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help."

Here, that finding is supported by petitioner's denial of the conditions of abuse and neglect. According to the circuit court's findings following its hearing on petitioner's motion for an improvement period, petitioner failed to acknowledge the conditions of abuse and neglect, even after he previously stipulated to those conditions. This Court has held:

> In order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Indeed, the record provides that petitioner denied that he had a substance abuse problem, despite consistently testing positive for methamphetamine during the proceedings. Likewise, petitioner denied that he perpetrated any domestic violence in the home, alleging that his girlfriend was the aggressor in the relationship. These assertions were contrary to petitioner's earlier admissions in the proceedings. Consistent with this Court's prior holdings, petitioner's failure to acknowledge the conditions of abuse and neglect render those conditions untreatable, and, therefore, there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future.

Finally, this Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future, we find no error in the circuit court's termination of petitioner's parental rights, rather than imposition of some less-restrictive dispositional alternative.

4

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 8, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: January 12, 2022


**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton